**TAGGED OPINION**



# ORDERED in the Southern District of Florida on January 17, 2007.

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

GLORIA REYES,                                    CASE NO. 06-15957-BKC-AJC

  Debtor.                                        Chapter 7
_____/

### ORDER DETERMINING DEBTOR'S COUNSEL IS NOT
### A DEBT RELIEF AGENCY AS DEFINED UNDER 11 U.S.C. § 101 (12A)

THIS MATTER came before the Court on January 16, 2007 upon the *Debtor's Motion for a Determination and/or Clarification that Debtor's Counsel is Not a Debt Relief Agency as Defined Under 11 U.S.C. §101(12A)* (the "Motion"). The relevant facts are:

1.    On November 17, 2006, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code ("Petition Date").

2.    Prior to the Petition Date, Debtor's counsel was asked to represent the Debtor, without compensation, through Miami-Dade County's "Put Something Back Pro Bono Project."

3.  Debtor's counsel accepted the bro bono representation of the Debtor and provided the Debtor with bankruptcy assistance, counseling her with respect to the filing of the instant Chapter 7 case.

4.  The Debtor is an "assisted person" as that term is defined in Section 101(3) of the Bankruptcy Code as her debts consist primarily of consumer debts and the value of her non-exempt property is less than $150,000.

5.  Accompanying the Debtor's Chapter 7 Petition was a request for waiver of the Chapter 7 filing fee [C.P. #3]. Such request was granted by the Court on November 22, 2006 [C.P. #11].

6.  Debtor's counsel has not and will not accept any compensation from the Debtor for representation in this bankruptcy case or in any other capacity as evidenced by the Disclosure of Compensation currently on file with Bankruptcy Court [C.P. #8].

7.  Debtor's counsel will attribute the hours spent on representation of Debtor toward the annual pro bono requirement set forth by The Florida Bar. See Fla. Bar Rule 4-6.1(b)(1).

8.  The Debtor, having received "bankruptcy assistance" from her counsel, is an "assisted person" as that term is used in the definition of "debt relief agency." The Debtor's counsel has not accepted any money or other valuable consideration for the representation of Debtor in this bankruptcy case, but counsel is concerned as to whether or not she is a debt relief agency as defined in Section 101(12A) of the Bankruptcy Code and therefore subject to the additional restrictions and disclosures as required by Sections 526 and 527 of the Bankruptcy Code, respectively.

9.  The United States Trustee ("UST") responded to the Motion (CP 29), taking the

position that the Motion should be denied as unnecessary "given the plain language of section 101(12A)." The UST posits that "Debtor's counsel does not fall within the purview of the clear statutory language of section 101(12A)."

10. The UST goes on in its response to conclude that the pro bono credit received from The Florida Bar Association for providing pro bono representation to the Debtor in this case does not constitute "valuable consideration" to the attorney.

11. Notwithstanding the UST's stated position that the issue is clear from the plain language of the statute, counsel for the Debtor argued that the statute was unclear and many law firms are reluctant to provide pro bono services to needy debtors for fear that by doing so they would be considered "debt relief agencies."

## ANALYSIS

The Court agrees with the UST's position on this issue as to the plain meaning of the statute, but not on the UST's position that clarification is not necessary. As long as the pro bono waters remain murky and chilled by the possiblity that pro bono represenation may brand the pro bono contributor a debt relief agency, there remains the risk that some unfortuante and needy debtors may not be able to obtain pro bono counsel in their hour of desperate need. Accordingly, the Court will address all the issues raised by the Motion.

The parties present two issues for the Court's consideration:

i. Does 11 U.S.C. §§ 526, 527 and 528 apply to an attorney who provides bankruptcy assistance to an assisted person but who receives no payment of money or other valuable consideration for the bankruptcy assistance?

ii. Does attributing the hours spent on such representation to the annual pro bono requirement set forth by the Florida Bar Association constitute "other valuable consideration" under 11 U.S.C. § 101(12A)?

However, those issues necessarily presume the constitutionality of 11 U.S.C. §§ 526, 527 and 528 in the first instance, and the applicability of those statues to attorneys who are licensed to practice law, regulated by the laws of the state wherein they are admitted, and admitted to practice in United States Bankruptcy Courts. These two other issues are jurisdictional and of significant interest to bankrutpcy practitioners and should be addressed before reaching the issues raised by the Motion. Simply stated, these issues are:

    A. If Debtor's counsel is a "debt relief agency" pursuant to 11 U.S.C. § 101(12A), are the provisions of 11 U.S.C. §§ 526, 527 and 528 unconstitutional as applied to attorneys?

    B. If 11 U.S.C. §§ 526, 527 and 528 are constitutional, do those sections apply to attorneys who are licensed to practice law, regulated by the laws of the state wherein they are admitted, and admitted to practice in United States Bankruptcy Courts?

### *I.  Constitutional Challenges*

The issue of whether 11 U.S.C. §§ 526, 527 and 528 are constitutional as applied to attorneys has been resolved by the well-reasoned opinion of United States Chief District Judge James M. Rosenbaum of the District of Minnesota in <u>Milavetz v. United States</u>, --- B.R. —, 2006 WL 3524399 (D.Minn. 2006). This Court adopts the opinion of Judge Rosenbaum and holds 11 U.S.C. §§ 526, 527 and 528 are unconstitutional as applied to attorneys. However, following the doctrine of constitutional avoidance, this Court will address the other issues raised by the Motion to resolve the issues on other than constitutional grounds, if possible.

### *II.  Attorneys and Debt Relief Agencies*

Judge Rosenbaum pointed out the ambiguity in these statutes which, on the one hand, appear to regulate a lawyer's practice and, on the other hand, infringe on the State's traditional

role of regulating attorneys. For this reason, Judge Rosenbaum found sections 526, 527 and 528 of the Bankruptcy Code do not apply to attorneys. I agree. So did United States Bankruptcy Judge Lamar W. Davis, Jr. of the Southern District of Georgia in In re Attorneys at Law and Debt Relief Agencies, 332 B.R. 66 (Bankr. S.D.Ga. 2005).

This issue has further ramifications. The term "debt relief agency" appeared nowhere in the legal lexicon prior to the adoption of BAPCA and is a creation of the drafters of BAPCA. Prior to this legislation there was no such term of art. So, while the experts who drafted BAPCA are entitled to a failing grade in Legislative Drafting 101, the Court is left to determine what Congress intended. Should we assume that Congress was mean-spirited and intended sections 526, 527 and 528 to provide a chilling effect on lawyers' willingness to represent persons who have suffered financial misfortune, in most cases through no fault of their own, because of lack of health insurance, loss of employment or other tragedy? Or should we assume that Congress was trying to provide "consumer protection," as the title of BAPCA suggests? The Court believes the title says it all.

In 1994, Congress amended the Bankruptcy Code to provide the consumer with protection against bankruptcy petition preparers. See 11 U.S.C. §110. Because 11 U.S.C. §101(12A) specifically pins the label "debt relief agency" upon "a bankruptcy petition preparer under section 110," it seems reasonable to believe that the first segment of §101(12A) is intended to broaden the scope to include persons who, though not established as petition preparers, take money or valuable consideration, such as a deed to Debtor's home, and then proceed to cause great harm under the guise of "assistance" or provide no benefit at all to the debtor. However, the Court does not believe Congress intended the scope of the statute to include attorneys. If

5

Congress wanted "attorney" included in the definition, it could have accomplished same by adding the word to 11 U.S.C. § 101(12A). Congress knows the word "attorney." Congress used it two times in 11 U.S.C. § 526. One usage appears in 11 U.S.C. § 526(a)(4), wherein a debt relief agency is restricted from advising an assisted person "to pay an attorney." Does it make sense that Congress was restricting a debt relief agency from advising an assisted person to pay a debt relief agency? The other usage appears in 11 U.S.C. § 526(c)(3)(C) which provides "reasonable attorney's fees" to an assisted person for "successful action" against a debt relief agency. This usage precedes:

> (d) No provision of this section, section 527, or section 528 shall
>
> > (1) annul, alter, affect, or exempt any person subject to such sections from complying with any law of any State except to the extent that such law is inconsistent with those section, and then only to the extent of the inconsistency; or
> >
> > (2) be deemed to limit or curtail the authority or ability
> >
> > > (A) of a State or subdivision or instrumentality thereof, to determine and enforce qualifications for the practice of law under the laws of that State; or
> > >
> > > (B) of a Federal court to determine and enforce the qualifications for the practice of law before that court.

It seems far more logical to conclude that Congress did not intend to include attorneys in the category of "debt relief agency".

### III.  *Pro Bono Representation and Valuable Consideration*

Although the Court questions the constitutionality of 11 U.S.C. §§ 526, 527 and 528, the Court will follow the doctrine of constitutional avoidance, in an attempt to resolve the issues raised in the Motion on other than constitutional grounds. Assuming but not concluding that 11

U.S.C. §§ 526, 527 and 528 are both constitutional and applicable to attorneys, 11 U.S.C. §101(12A) states clearly that "the term 'debt relief agency' means any person who provides any bankruptcy assistance to an assisted *person in return for the payment of money or other valuable consideration*." (Emphasis added). It is undisputed that the attorney in this case, as represented in the motion and confirmed in the *Disclosure of Compensation of Attorney for Debtor* filed in this case, is not receiving the payment of any money in connection with this representation. That fact is not contested by any party in interest. The attorney has disclosed in the motion that she will attribute the time spent on the representation to the annual pro bono requirement set forth by Florida Bar Rule 4-6.1(b)(1). This disclosure leaves the remaining question of whether attributing the representation to state bar pro bono requirements constitutes receiving "valuable consideration" "in return for" the services.

      The use of the words "in return for" clearly imply an exchange. Under the circumstances described herein, there is no exchange between the Debtor and the attorney. The Debtor is receiving the pro bono services and is giving nothing in return for same. The fact that the attorney is complying with a Florida Bar rule relating to pro bono services does not constitute the "return" of valuable consideration to the attorney from the Debtor. Likewise, an associate of a firm who is paid a salary by the firm and is tasked by the firm to provide pro bono services to a debtor would not be deemed to have received "valuable consideration" from the debtor "in return" for the bankruptcy assistance. Congress apparently had this in mind when it added subsection "A" to 11 U.S.C. §101(12A) which provides that:

    The term "debt relief agency" . . . "does not include":

        (A) any person who is an officer, director, employee, or agent of a person who provides such assistance or of the bankruptcy petition preparer.

Moreover, the Court does not believe receipt of credit toward the fulfillment of state bar requirement constitutes "valuable consideration" as that term is used in the statute. Such credit is not marketable, saleable, or otherwise of any monetary or pecuniary value, not even to the attorney who is the recipient of the pro bono credit.

## CONCLUSION

Thus, even if 11 U.S.C. §§526, 527 and 528 pass constitutional muster, which this Court does not believe they do, and even if these Code sections apply to attorneys generally, which the Court concludes they do not, sections 526, 527 and 528 do not apply to attorneys providing pro bono representation to debtors and who receive no payment whatsoever, whether money or other valuable consideration, in return for their representation. Credit for fulfilling state bar requirements is not "valuable consideration." To interpret these fact patterns otherwise would create a chilling effect upon attorneys with good intentions willing to provide pro bono services to debtors like Glorida Reyes, who is so indigent that she is unable to pay even the filing fee much less the fees of an attorney.

Accordingly, it is

**ORDERED AND ADJUDGED** that the *Debtor's Motion for a Determination and/or Clarification that Debtor's Counsel is Not a Debt Relief Agency as Defined Under 11 U.S.C. §101(12A)* is GRANTED and it is determined that:

1. Debtor's counsel is not a "debt relief agency" as defined by 11 U.S.C. § 101(12A), and the application of 11 U.S.C. §§ 526, 527 and 528 to Debtor's counsel is unconstitutional.

2. Sections 526, 527 and 528 of the Bankruptcy Code do not apply to an attorney

licensed to practice law by a state, regulated by the laws of the state wherein the attorney is admitted and admitted to practice in United States Bankruptcy Courts.

      3.  Sections 526, 527 and 528 of the Bankruptcy Code do not apply to an attorney licensed to practice law by a state, regulated by the laws of the state wherein the attorney is admitted and admitted to practice in United States Bankruptcy Courts, where the attorney provides services on a pro bono basis and receives nothing in return from the assisted person, i.e., no money or other valuable consideration for such services provided.

      4.  The hours spent on pro bono representation which Debtor's counsel may attribute towards the state bar association annual requirement relating to pro bono service does not constitute money or valuable consideration given in return for the pro bono legal assistance.

# # #

Copies furnished to:

Ariel Rodriguez, Esq., Office of the United States Trustee
Heather Yonke, Esq.,Counsel for the Debtor